Saris, C.J.
INTRODUCTION
Petitioner Etty Tham is an Indonesian national who is currently being held in U.S. Immigration and Customs Enforcement ("ICE") detention in the Strafford County House of Corrections in Dover, New Hampshire. In 2010, Tham participated in Operation Indonesian Surrender, a humanitarian program initiated by ICE, which is described in detail in Devitri v. Cronen, 289 F.Supp.3d 287 (D. Mass. 2018), Devitri v. Cronen, 290 F.Supp.3d 86 (D. Mass. 2017), and Rombot v. Souza, 296 F.Supp.3d 383 (D. Mass. 2017). Via her habeas petition filed pursuant to 28 U.S.C. § 2241, Petitioner now seeks release from ICE custody, as well as the same relief afforded to the other Operation Indonesian Surrender participants. See Docket No. 1 ¶¶ 14-18; Docket No. 9 at 4. The government has filed a motion to dismiss the habeas petition for lack of jurisdiction. See Docket No. 20.
Because this Court lacks jurisdiction over Tham's petition, this case is TRANSFERRED to the District of New Hampshire.
FACTUAL BACKGROUND [1]
Petitioner Tham, an Indonesian citizen, was born in 1964. Docket No. 1 ¶¶ 3, 13. Tham has two daughters who are legal permanent residents of the United States, as well as two grandchildren who are United States citizens. Docket No. 1 ¶ 12. She first entered the United States on a six-month *576 visa in 2000 or early 2001. Docket No. 1 ¶ 6; Docket No. 21-1 ¶ 5. She overstayed that visa and has resided in New Hampshire for many years. Docket No. 1 ¶¶ 3, 6. According to ICE Assistant Field Office Director, Alan Greenbaum, Tham received a final order of removal in October 2004. Docket No. 21-1 ¶ 6. Greenbaum also states that Tham has filed two motions to reopen her immigration proceedings -- one in 2008 and one in 2012. Docket No. 21-1 ¶¶ 7, 15.
When ICE instituted Operation Indonesian Surrender in New Hampshire in 2010, Tham voluntarily surrendered to ICE and received an Order of Supervision ("OSUP"). Docket No. 1 ¶ 8. She filed a Form I-246 application seeking a stay of her removal, but the application was denied more than a year later. Docket No. 1 ¶ 9. However, Tham did not leave the United States when her application for stay of removal was denied. Docket No. 1 ¶ 10. Although she departed from Boston on February 9, 2012, she did not take her flight from Anchorage, Alaska, to Indonesia. Docket No. 21-1 ¶ 13. Because Tham did not return to Indonesia, ICE revoked her OSUP in March 2012. Docket No. 21-1 ¶ 14.
On May 27, 2018, during an operation on Interstate 93, a Border Patrol officer stopped Tham at a checkpoint near Lincoln, New Hampshire, while she was in a car with her daughter. Docket No. 1 ¶ 11; Docket No. 21-1 ¶ 16. Lincoln is about 90 miles south of the Canadian border. See Docket No. 1 ¶ 11. Border Patrol contacted ICE, and ICE then took Tham into custody on May 28, 2018. Docket No. 21-1 ¶ 17. She has been detained at the Strafford County House of Corrections in New Hampshire since that date. See Docket No. 1 ¶ 11; Docket No. 21-1 ¶ 18. The record does not indicate that Tham has ever been convicted of a crime.
DISCUSSION
The government argues that this Court does not have jurisdiction over Tham's habeas petition because the only proper respondent is the warden of the New Hampshire facility where she is detained. See Docket No. 21 at 4-6. In support, the government cites to the "immediate custodian" rule, which states that "in habeas challenges to present physical confinement -- 'core challenges' -- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Tham opposes, maintaining that because ICE has "total control" over her, the Field Office Director Rebecca Adducci is a proper respondent. Docket No. 23 at 1-4. She also claims that the government has waived any arguments regarding personal jurisdiction or venue.[2] Docket No. 23 at 4-5.
First, the government did not waive any jurisdictional arguments in the Devitri litigation. In that case, the Court held that the petitioners were "in custody" because they were challenging a condition of their OSUPs. 290 F.Supp.3d at 90. The Devitri petitioners, save one, were not in actual physical custody.[3] See *577 289 F.Supp.3d at 292 ; 290 F.Supp.3d at 90. The immediate custodian rule was never at issue in that litigation. See Padilla, 542 U.S. at 437-38, 124 S.Ct. 2711 ("[T]he immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement."). The government will not be precluded from raising the issue here.[4]
Second, Petitioner's argument that Adducci is a proper respondent because ICE's New England Field Office exercises control over her is unavailing. In Padilla, the Supreme Court stated: "In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Id. at 439, 124 S.Ct. 2711 ; accord Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (holding that alien "contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained"). Tham seeks to be released from her present detention at the Strafford County House of Corrections. And, there are no extraordinary facts in this case that would warrant deviating from the immediate custodian rule. See Vasquez, 233 F.3d at 696 (listing "extraordinary circumstances" when supervisory immigration official may be named as respondent, including where there are "facts suggesting furtiveness" or "bad faith"). Thus, the correct respondent in this action is Christopher Brackett, the Superintendent of the Strafford County House of Corrections.
As Adducci is no longer a respondent, the Court finds that it does not have jurisdiction over Tham's petition.[5] See Padilla, 542 U.S. at 443, 124 S.Ct. 2711 (confirming "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). When a district court lacks jurisdiction, it may, in the interest of justice, order the case to be transferred to another court that would have jurisdiction. See 28 U.S.C. § 1631 ; Photographic Illustrators Corp. v. A.W. Graham Lumber, LLC, 196 F.Supp.3d 123, 133 (D. Mass. 2016) ; see also Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 114 (1st Cir. 2016) (holding that text of § 1631 allows transfer when court lacks either personal or subject-matter jurisdiction), abrogated on other grounds, *578 Lightfoot v. Cendant Mortg. Corp., --- U.S. ----, 137 S.Ct. 553, 196 L.Ed.2d 493 (2017). In fact, there is a rebuttable presumption in favor of transferring a case instead of dismissing it. See Britell v. United States, 318 F.3d 70, 73-74 (1st Cir. 2003). This is not a case where transfer would "unfairly benefit the proponent" or "unduly burden the judicial system." Id. at 74. Thus, given the totality of the circumstances, see id., the Court finds that transferring Petitioner's case to the District of New Hampshire would be in the interest of justice.
ORDER
The Court finds that it lacks jurisdiction over Tham's habeas petition. In the interest of justice, the Court therefore TRANSFERS this case to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1631. The Court orders that Petitioner Tham not be removed from New Hampshire until the court in New Hampshire has a reasonable opportunity to rule on her motions.

The factual background section is based on Tham's petition (Docket No. 1), and the declaration of ICE Assistant Field Office Director, Alan Greenbaum (Docket No. 21-1), which was signed under penalty of perjury.

Tham bases this argument in favor of habeas jurisdiction on the Padilla concurrence, which states that "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." 542 U.S. at 451, 124 S.Ct. 2711 (Kennedy, J., concurring).

Terry Rombot was the only Devitri petitioner who was detained at any point in time. See Rombot, 296 F.Supp.3d at 385-86. He was detained in Massachusetts. See Rombot v. Moniz, 299 F.Supp.3d 215, 218 (D. Mass. 2017).

Likewise, the government has not waived its habeas jurisdiction arguments by citing Fed. R. Civ. P. 12(b)(1), instead of Fed. R. Civ. P. 12(b)(2), in its motion to dismiss. The Court adds that the Strafford County Department of Corrections, through its attorney, filed an answer to the habeas petition approximately three hours before the government raised its jurisdictional arguments in the motion to dismiss. See Docket No. 19. The answer does not claim that this Court lacks jurisdiction over the proper respondent. See Docket No. 19 ¶¶ 1-5. While failing to assert a defense in a responsive pleading ordinarily could constitute waiver of that defense, see Fed. R. Civ. P. 12(h)(1), the parties have not presented this issue to the Court. The Court therefore will not address it.

Tham's custody status will be reviewed by ICE on or about August 26, 2018. Docket No. 12. As the Court stated during the hearing on July 11, 2018, at Tham's custody status review, the government shall bear the burden of proof to show continued detention is necessary. Cf. Pensamiento v. McDonald, Civ. No. 18-104750-PBS, 315 F.Supp.3d 684, 692-93, 2018 WL 2305667, at *6 (D. Mass. May 21, 2018) (assigning burden of proof to government in 8 U.S.C. § 1226(a) bond hearings). If requested by the transferee judge, the Court will reassume jurisdiction over this petition if Tham is released pursuant to conditions in an OSUP after the custody status review, as Tham would be in a position similar to the other Operation Indonesian Surrender petitioners at that time.